# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. TILTON, ) | 1:09-cv-00527 AWI YNP (DLB) (HC) |
| Petitioner, ) | FINDINGS AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AS A SECOND OR SUCCESSIVE PETITION. |
| v. ) | |
| JAMES EDWARD MacDONALD, Warden ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was sentenced by the Kern County Superior Court to sixteen years in prison for continuous sexual abuse of a minor. (Pet. at 2). Petitioner appealed to the California Court of Appeal, Fifth Appellate District, which denied his appeal. (Pet. at 3). Petitioner filed a petition for writ of habeas corpus with this Court on December 11, 2007, case number 1:07-cv-01795-LJO-BAK, which was denied on July 18, 2008. On October 21, 2008, Petitioner was transferred to Florence Correctional Center in Florence, Arizona due to the overcrowding in California state prisons. (Pet. at 4-5). Petitioner filed the instant petition on January 12, 2009 with the United States District Court in Arizona. The case was transferred to this Court on March 9, 2009. (Doc. #6).

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition

1  raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,
2  constitutional right or 2) the factual basis of the claim was not previously discoverable through due
3  diligence, and these new facts establish by clear and convincing evidence that but for the
4  constitutional error, no reasonable finder of fact would have found the applicant guilty of the
5  underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides
6  whether a second or successive petition meets these requirements, which allow a petitioner to file a
7  second or successive petition.

8  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
9  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
10 order authorizing the district court to consider the application." In other words, Petitioner must
11 obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.
12 See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or
13 successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a
14 district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United
15 States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),
16 *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

17 Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism
18 and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v.
19 Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave
20 from the Ninth Circuit to file his successive petition attacking the conviction.  That being so, this
21 Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction
22 under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96
23 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he
24 must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

25                                    **RECOMMENDATION**

26 Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus
27 be DISMISSED as successive.

28 This Findings and Recommendation is submitted to the Honorable Anthony W.  Ishii, United

States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days (plus three days for mailing) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 9, 2009**                    **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE