# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. TILTON, | 1:09-cv-00527 AWI MJS HC |
| Petitioner, | ORDER VACATING FINDINGS AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AS A SECOND OR SUCCESSIVE PETITION |
| v. | |
| JAMES EDWARD MACDONALD, Warden, | [Doc. 15] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on January 12, 2009, claiming Constitutional violations based on his intrastate transfer from California to a correctional facility in Arizona. (Court Doc. 1, pp. 5, 20.)  He previously, on December 11, 2007,  had filed another petition for writ of habeas corpus as case number 1:07-cv-01795-LJO-BAK, <u>Tilton v. MacDonald</u>.

On November 10, 2009, the Magistrate Judge issued a Findings and Recommendation to dismiss the current petition as a second or successive petition based on Petitioner's previous petition. (Court Doc. 15.)  On November 23, 2009, Petitioner filed objections to the Findings and Recommendation  pointing out that the underlying facts upon which his present petition are based, namely his transfer to Arizona, had not occurred at the time of filing his prior petition and were not raised in that earlier petition. ((Court Doc. 16,  at 5.)  Petitioner's prior petition was

filed December 11, 2007, and according to Petitioner, he was transported to Arizona on October 21, 2008, nearly a year later. (Court Doc. 1, p. 20.)

    The Court takes judicial notice of the proceedings in the prior petition, case number 1:07-cv-01795-LJO-BAK, <u>Tilton v. MacDonald</u>.[1] As Petitioner notes in his objections, that petition raises twenty two grounds related to his trial and detention and unrelated to his transfer to Arizona. (<u>See</u> Case No. 1:07-cv-01795-LJO-BAK, Court Doc. 1.) As the grounds in that petition and in his current one do not arise out of the same transaction or occurrence, the latter petition is not considered a successive petition under 28 U.S.C. § 2244(b).  "A 'ground is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments... . Identical grounds may often be proved by different factual allegations... .'" <u>Babbitt v. Woodford</u>, 177 F.3d 744, 746 (9th Cir. 1999) (citing <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998)).

    Additionally, since the present petition is not successive, Petitioner need not obtain prior leave from the Ninth Circuit for this Court to consider it . <u>See</u> 28 U.S.C. § 2244(b)(3).

    Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation issued November 10, 2009, is HEREBY VACATED.

IT IS SO ORDERED.

**Dated:   May 27, 2010**      /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. <u>See</u> <u>Biggs v. Terhune</u>, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); <u>United States v. Camp</u>, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).