UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL E. TILTON, | ) | 1:09-CV-00527 AWI MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DENY  PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| JAMES EDWARD MACDONALD, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's claims arise out of his October 21, 2008, transfer to Florence Correctional Center in Florence, Arizona, due to the overcrowding of California state prisons  (Court. Doc. 1, p. 5.)

On January 12, 2009, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court, District of Arizona. (Court. Doc. 1.) The case was transferred to this Court on March 9, 2009 because Petitioner is in custody pursuant to a California state court judgment and his claims arise out of  conduct of the California Department of Corrections and Rehabilitation. (Court. Doc. 6.)

///

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner challenges his transfer to a privately owed correctional facility in Arizona, Florence Correctional Center in Florence, Arizona. (Court. Doc. 1, p. 20.) Petitioner alleges that his transfer is an unconstitutional act of banishment, revoking his California citizenship and requiring his immediate release. (Id. at 51-52.)

Petitioner's claim is not a proper claim in a federal habeas action. It addresses the conditions of his confinement, not the fact or duration of that confinement. Where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather

than a habeas corpus action. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).  See <u>Olim v. Wakinekona</u>, 461 U.S. 238, 248, 103 S. Ct. 1741, 75 L. Ed. 2d 813 ("an interstate prison transfer... does not deprive an inmate of any liberty interest protected by the Due Process Clause... .")  "In short, it is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State." <u>Id.</u> at 247.

      Petitioner is not entitled to habeas corpus relief.  His petition should be dismissed.  If Petitioner wishes to pursue his claims, he may do so by way of a civil rights complaint.

C.  <u>Exhaustion of State Remedies</u>

      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). This means that Petitioner must have presented his claims to the California Supreme Court prior to filing a federal habeas petition.

      Petitioner has not submitted an inmate appeal nor filed for relief in state court. (Court Doc. 1, pp. 4, 20.)  Therefore, his petition is unexhausted.

///

///

///

D.  Conclusion

The instant petition should be dismissed on the merits, notwithstanding petitioner's failure to exhaust state court remedies, since Petitioner has presented no cognizable claims. 28 U.S.C. § 2254(b)(2).

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED and the Clerk of Court be directed to enter judgment and close the case.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 27, 2010**                              /s/ *Michael J. Seng*
                                                                    UNITED STATES MAGISTRATE JUDGE